UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DEREK GINLOCK,

        Petitioner,

v.                                             Case No:  5:11-cv-400-Oc-38PRL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and FLORIDA ATTORNEY
GENERAL,

        Respondents.
_____/

**OPINION AND ORDER[1]**

Petitioner Derek Ginlock (hereinafter "Petitioner," or "Ginlock") initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 challenging his May 5, 2008 conviction and sentence entered in the Fifth Judicial Circuit Court, Marion County, Florida (case no. 42-CF-3014) on June 30, 2011.[2]

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).  Thus, the Petition was filed on June 30, 2011.  Although Respondent argues that the Petition is untimely, the Court disagrees. See Response at 6-8.  After giving Petitioner the benefit of 90 days to seek certiorari with the United States Supreme Court, which Respondent did not, only 319 days of the statute of limitations elapsed. Thus, the Petition is timely filed.

The Petition raises the following four grounds for relief: (1) Petitioner was denied his constitutional right to represent himself; (2) trial counsel rendered ineffective assistance stemming from argument for judgment of acquittal; (3) trial counsel rendered ineffective assistance by failing to object to the evidence presented to prove the prison release reoffender designation; and, (4) trial counsel rendered ineffective assistance by failing to impeach the victim.[3]  See generally Petition.  Respondent filed a Response (Doc. #12, Response) in opposition to three grounds of the Petition and an appendix consisting of pertinent trial records and postconviction motions (Doc. #15).  Petitioner filed a Reply (Doc. #14).  This matter is ripe for review.

## II.   Applicable § 2254 Law

### A.   Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  Under the deferential review standard, habeas relief may not be granted with

---

[3]In the Petition, Petitioner also requests the appointment of counsel.  Petition at 21.  Habeas corpus proceedings are civil in nature.  See Fisher v. Baker, 203 U.S. 174, 181 (1906).  There is no requirement in a federal habeas corpus proceeding that a petitioner be appointed counsel.  Norris v. Wainwright, 588 F.2d 130, 133-34 (5th Cir. 1979).  Further, "the fact that a *pro se* litigant lacks the skills and knowledge of a trained attorney does not require that he be afforded counsel, for if this were the standard virtually every *pro se* litigant would be entitled to counsel."  Branch v. Cole, 686 F.2d 264 (5th Cir. 1982).  Petitioner does not set forth any exceptional circumstances to warrant the appointment of counsel.  Therefore, his request is denied.

respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted).  See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011).  Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549

U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. at 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

**B.  Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'"  Walker v. Martin, ___ U.S. ___, 131 S.Ct. 1120, 1127 (2011)(quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion.  Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement."  Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the

state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a

review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17

(internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III.   Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record.

Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

**A. Ground One**

Petitioner argues that the trial court erred by refusing to allow him to represent himself.  Petition at 4.  Specifically, Petitioner states that initially he was proceeding *pro se* during his criminal trial until the trial court denied his motion to take a deposition.  Id. at 12.  Thus, Petitioner claims he was forced to accept the assistance of trial counsel because the trial court did not allow him to depose State witnesses.  Id.  In response, Respondent argues that claim is unexhausted and now procedurally defaulted because Petitioner failed to raise his claim concerning the trial court's alleged error on direct appeal as required under Florida law and improperly raised the claim in his postconviction motion filed pursuant to Fla. R. Crim. P. 3.850.  Response at 9.

The record reveals that Petitioner, through counsel, only raised one issue on direct appeal:

> Trial court erred to deny a judgment of acquittal for burglary of a dwelling when the home was not suitable for habitation and did not constitute a dwelling.

Exh. C.  In Florida, "[a]ny claim relating to trial court error must be raised on direct appeal . . . . ."  Robinson v. State, 913 So. 2d 514, 524 n. 9 (Fla. 2005); Spencer v. State, 842 So. 2d 52, 60 (Fla. 2003).  As set forth above, a petitioner must fully and properly exhaust his state court remedies on direct appeal or in a state postconviction motion as a prerequisite to federal habeas review.  A criminal defendant who fails to raise a claim on direct appeal when required to do so by State law is barred from raising the claim in his federal habeas petition, absent a showing of cause for the default and prejudice, or a fundamental miscarriage of justice.  Petitioner improperly raised this claim in his Rule

3.850 motion, Exh. J at 3, and the postconviction court found the claim barred because it should have been raised on direct appeal, Exh. L.   Petitioner fails to demonstrate cause and prejudice or a fundamental miscarriage of justice.   Consequently, federal habeas review of Ground One is foreclosed and the ground is dismissed as unexhausted and procedurally defaulted.

**B.   Grounds Two, Three, and Four**

The Court addresses the remaining grounds together because they each raise an ineffective assistance of counsel claim.   In **Ground Two**, Petitioner asserts that counsel rendered ineffective assistance during her argument for judgment of acquittal concerning whether the burglarized structure constituted a dwelling under Florida law.   Petition at 14-17.   Specifically Petitioner argues that defense counsel should have:

> (1) bas[ed] her motion <u>not</u> on the fact that the house was unoccupied, or whether or not the electricity had been turned off or the fact that there was a plumbing problem, which was of such nature- neither the victim- or anyone else- could have had the water activated, until the problem was corrected, and (2) the germane issue was one for the "<u>Court</u>" to resolve, not one for the Jury, where the issue was one of mixed law and fact, outside of the province and [sic] the Jury.

Petition at 6.   Petitioner argues that he was prejudiced by trial counsel's failure because the trial court was not fully apprised of the actual and correct basis for the motion or judgment of acquittal and resulted in the trial court denying the motion based on the State's argument alone.   <u>Id.</u>   In response to Ground Two, Respondent argues that the postconviction court's decision was not contrary to nor an unreasonable application of <u>Strickland</u>, nor was it an unreasonable application of the facts in light of the evidence presented.   Response at 13-14.

A review of the record reveals that Petitioner raised this ineffective assistance of counsel claim as ground two subpart (a) in his Rule 3.850 motion. See Exh. J. The State filed a brief in response. Exh. K. The postconviction court entered an order denying Petitioner relief finding that the claim was "factually incorrect." Exh L. The appellate court *per curiam* affirmed. Exh. M.

The Court finds that the State courts' decisions regarding the claims raised in Ground Two were neither contrary to nor an unreasonable application of Strickland. The factual findings made by the postconviction court are presumed correct, and the record supports the court's findings were reasonable. In pertinent part, the postconviction court found:

> The trial transcript reflects that Ms. Wagner did argue the absence of plumbing, together with the absence of electricity and running water, which made the premises uninhabitable, as a basis for the judgment of acquittal. (Trial Transcript, pages 111, 112).
>
> Moreover, this very issue was the subject of the defendant's direct appeal. The defendant's argument on appeal was that the "trial court erred to deny the judgment of acquittal for burglary of a dwelling when the home was not suitable for habituated and did not constitute a dwelling." (Initial Brief of Appellant, page 8). The appellants "state of the case" recites that "the court denied Ginlock's argument the lack of plumbing, electricity or running water in the home did not qualify as a residence . . .," and references the trial transcript at pages 111-117. (Initial Brief of Appellant, page 2).
>
> This claim fails because it is factually incorrect, and because claims that were, or could have been, raised on direct appeal are procedurally barred from re-litigation in postconviction proceedings. *See, e.g.*, *Washington v. State*, 907 So.2d 512 (Fla. 2005); *Johnson v. State*, 593 So.2d 206 (Fla. 1992), *cert. denied*, 506 U.S. 839 (1992); *Knight v. Dugger*, 547 So.2d 1066 (Fla. 1990); *Medina v. State*, 573 So.2d 293 (Fla. 1990); *Roberts v. State*, 568 So.2d 1255 (Fla. 1990); *Adkins v. Dugger*, 541 So.2d 1165 (Fla. 1989); and *Clark v. State*, 460 So.2d 886 (Fla. 1984).

Exh. L.

Simply stated, the postconviction court denied Petitioner relief on his claim finding that the record directly refuted Petitioner's claim. The record revealed that defense counsel made the very argument he was asserting she did not make and the record currently before this Court supports the postconviction court's decision. See Exh. A at 111-112 (trial transcript). Accordingly, Petitioner is denied relief on Ground Two.

In **Ground Three**, Petitioner argues that trial counsel rendered ineffective assistance for failing to object to the State's evidence concerning Petitioner's prison release reoffender ("PRR") status. Petition at 17-18. Petitioner explains that during the sentencing hearing the State told the court that it had Petitioner's fingerprints rolled and compared by a fingerprint analyst who verified that "the man who was released in January of 2007 is in fact Derek Ginlock, who [is] before this Court for sentencing today." Id. at 17-18. Petitioner asserts that trial counsel failed to object to this "inadmissible evidence" because the fingerprint analyst or records custodian was not available to testify. Id. at 18. Petitioner also faults trial counsel for failing to instruct him not to answer when asked if he acknowledged the offenses he was just convicted of were committed less than a year from his most recent prison release. Id. Thus, Petitioner argues due to defense counsel's ineffectiveness, he waived his right against self-incrimination during the sentencing hearing. Id. In response to Ground Three, Respondent argues that the postconviction court's decision was not contrary to nor an unreasonable application of Strickland, nor was it an unreasonable application of the facts in light of the evidence presented. Response at 14.

A review of the record reveals that Petitioner raised this claim as ground two subpart (b) in his Rule 3.850 motion. Exh. J. After briefing from the State, Exh. K, the postconviction court denied Petitioner relief finding in pertinent part that Petitioner failed to show prejudice given that the State had the necessary proof to establish Petitioner's PRR designation, which showed that Petitioner had been released from prison just six months prior to the instant offenses. Exh. L. The appellate court *per curiam* affirmed. Exh. M.

The Court finds that the State courts' decisions regarding the claims raised in Ground Three were neither contrary to nor an unreasonable application of Strickland. The factual findings made by the postconviction court are presumed correct, and the record supports the court's findings. In pertinent part, the postconviction court found:

> First, the defendant incorrectly categorized the PRR sentence as an enhanced sentence. PRR is a designation, not an enhancement. The defendant's maximum sentence of fifteen years is not enhanced as a result of his status; rather, the status requires that he be sentenced to the maximum of fifteen years, and that he serve his entire sentence without gain time. *Fla. Stat. s.* 775.082(9).
>
> Next, the State had the evidence required to establish by the preponderance of the evidence that the defendant qualified as a prison releasee reoffender. Ms. Wagner reviewed the evidence and saw no basis to object to it. Had she objected to it, the State would merely have proceeded to offer the evidence and prove up the defendant's status.
>
> The defendant has not established how he was prejudiced by his attorney's failure to object to the State's evidence on this issue. He does not allege specific facts showing actual prejudice. For example, he does not allege that the evidence was insufficient or erreonous, or that he was not the person in the "pen pack" submitted by the State, or that the State could not have proven he was a prison releasee reoffender if an objection had been made or had he not agreed that he was in fact the person identified in the penitentiary packet, or that the evidence was otherwise inadmissible. Rather he complains

> generally of her failure to object, and he makes general and conclusory allegations that her failure to object resulted in his sentence. Such general and conclusory allegations are insufficient to demonstrate entitlement to relief. *Reaves v. State*, 593 So.2d 1150 (Fla. 1st DCA 1992).
>
> The prosecutor represented at sentencing that the defendant's fingerprints had been taken and compared with the fingerprints of the person identified as the defendant in the penitentiary packet, and they were one in the same. The State was prepared to go forward with that proof if necessary. Ms. Wager acknowledged this rather than objecting to it. (Sentencing Transcript page 5). The penitentiary packet relied upon by the State in this case is properly attested to and, with the testimony of the fingerprint examiner, would have been admissible at sentencing over any objection by counsel for defendant. The information in the packet establishes that the defendant meets the criteria for designation as a prison releasee reoffender as to the charge in count I, burglary of a dwelling. The burglary for which the defendant was convicted and sentencing occurred on July 16, 2007. The defendant's release from prison for a felony conviction (also burglary) was on January 16, 2007, just six months prior to the commission of the burglary for which he was convicted in the instant case. (See Department of Corrections Inmate Record, page 2- the penitentiary packet). Thus, had Ms. Wagner objected to the introduction of this information, and had the defendant not acknowledged the information contained in the packet, the State would have established his qualification without his assistance and over a defense objection. A copy of the penitentiary packet (Department of Corrections Inmate Record) is attached hereto.
>
> Failure to raise merit-less claims does not constitute ineffective assistance of counsel. *Franqui v. State*, 965 So.2d 22 (Fla. 2007). Insufficiency of the evidence to support the designation, which the defendant does not allege, would be matter for direct appeal and is not cognizable in a postconviction claim. *Johnson v. State*, 985 So.2d 1215 (Fla. 1st DCA 2008).

Exh. L.

In summary, the postconviction court found counsel's performance was not deficient because the evidence establishing Petitioner's proper designation as a PRR

- 14 -

would have come into evidence irrespective of defense counsel's objection. The postconviction court further noted that counsel's performance cannot be deemed deficient for failing to raise a meritless objection, citing to a Florida Supreme Court opinion. Although the postconviction court's order cited a Florida Supreme Court opinion for the proposition that defense counsel cannot be deemed deficient, the law referenced is the same rule set forth by the United States Supreme Court. Lockhart v. Fretwell, 506 U.S. 364 (1993); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001). Accordingly, Petitioner is denied relief on Ground Three.

In **Ground Four**, Petitioner argues that trial counsel rendered ineffective assistance for failing to impeach the victim. Petition at 19-21. Specifically, Petitioner claims that the incident report written by the Ocala Police Department did not list the owner of items stolen from the house, including earrings and cologne. Id. at 19. At trial, however, Petitioner states that the victim testified that those items belonged to her. Id. Petitioner argues that defense counsel should have impeached the victim because she apparently had not claimed ownership of the stolen items at the time the incident report was written by law enforcement, but did so at trial. Id. Respondent does not address the third claim of ineffective assistance of counsel because Respondent thought Petitioner only raised two claims of ineffective assistance of counsel. Response at 12. Nevertheless, a review of the record confirms that the State courts' decisions were not contrary to nor an unreasonable application of Strickland. Nor were the State courts' decisions an unreasonable application of the facts in light of the evidence presented.

A review of the record reveals that Petitioner raised this claim in ground two, subpart (d) in his Rule 3.850 motion. Exh. J. After briefing from the State, Exh. K, the

postconviction court denied Petitioner relief finding that the material referenced by Petitioner would not have been admissible impeachment and also found that even if it had been used, Petitioner had failed to meet the prejudice prong for proving ineffectiveness. Exh. L. The appellate court *per curiam* affirmed. Exh. M.

The Court finds that the State courts' decisions regarding the claims raised in Ground Four were neither contrary to nor an unreasonable application of Strickland. The factual findings made by the postconviction court are presumed correct, and the record supports the court's findings. In pertinent part, the postconviction court found:

> The defendant states: "at the trial, the victim testified that the items belonged to her. Wagner failed to question the victim about why she had not claimed ownership at the time of the writing of the incident report, but was then doing so." The defendant "avers he was prejudiced by Wagner's failure to impeach the victim with the fact averred herein, where had Wagner impeached the victim, the jury may not have believed she had not given Ginlock permission to have entered and remained in her home, and may have believed his testimony of she [sic] having [sic] given him permission to have entered and remained in her home during the time he was doing so." (Defendant's motion, pages 8-9).
>
> The offense police report referenced by the defendant in this claim was prepared by a police officer, not the victim. This fact is acknowledged by the defendant in the first paragraph under claim (D) on page 8 of his motion, where he states: "on the 'Offence Incident' report filed by the Ocala Police Department reference the case, the police listed the owner of the earrings and the cologne allegedly stolen from the victim's home by Ginlock, as being 'unknown.'"
>
> There is no basis for defense counsel to utilize a remark in a police report prepared by a police officer to impeach a victim's testimony at trial when the remark or matter contained in the police report was not attributable to the victim. The matter does not involve an inconsistent statement by the victim, it does not show bias on the part of the victim, it is not an appropriate attack on the victim's character, nor does it qualify as any impeachment evidence under *Fla. Stat. ss.* 90.608,

> 609, or 610, dealing with witness credibility, witness character, or conviction of certain crimes.
>
> There is nothing in the record in this case to establish a reasonable probability that the outcome of the trial would have been different had defense counsel made an issue of the notation in the initial police report that the victim was "unknown."

See Exh. L. In summary, the postconviction court determined that Petitioner had neither shown deficient performance stemming from counsel's failure to attempt to impeach the victim's testimony during trial that the stolen items belonged to her with the police report that the identity of the victim was "unknown." Further, the postconviction court found Petitioner could not show prejudice arising therefrom. Other than faulting the postconviction court for not holding an evidentiary hearing on this issue and denying the claim based on the record, Petitioner has provided no argument showing how this decision was contrary to or an unreasonable application of Strickland; or, how the result was based on an unreasonable application of the facts in light of the evidence presented. Therefore, Petitioner is denied relief on Ground Four.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's motion for appointment of counsel (Doc. #1) is **DENIED**.

2. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice. Ground 1 is **DISMISSED** as procedurally barred. Grounds Two, Three, and Four are **DENIED** on the merits.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability . Id. "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner do not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of June, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record